# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARK SADOVSKY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-18-CV-271-XR |
| | § | |
| NATIONWIDE PROPERTY AND | § | |
| CASUALTY INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this date, the Court considered Defendant's Motion for Leave to File Second Amended Answer (docket no. 25), Plaintiff's Response (docket no. 27), and Defendant's Reply (docket no. 30). After careful consideration, the Court GRANTS Defendant's motion.

On January 23, 2018, Plaintiff Mark Sadovsky filed this lawsuit in the 408th Judicial District Court of Bexar County, Texas, seeking damages related to wind and hail damage that allegedly resulted from an April 2016 storm. Defendant Nationwide removed to this Court on March 22, 2018. Under the current scheduling order, Defendant's deadline to amend pleadings was July 23, 2018, and the deadline to complete discovery was December 31, 2018.

Defendant deposed Phil Mayfield, Plaintiff's expert, on January 10, 2019, and received a copy of the deposition transcript on January 17, 2019. Defendant contends that Mayfield introduced new allegations to the case—namely, that Plaintiff's tile roof should be replaced to assure "matching" of all tiles. Docket no. 30 at 2. Defendant thus moved, on January 25, 2019, to file a Second Amended Answer. This Second Amended Answer, in response to Mayfield's

1

testimony, asserts "two policy provisions regarding matching that have become relevant due to Plaintiff's recent disclosure of new factual assertions in expert testimony[.]" Docket no. 30 at 1.

**Standard**

The deadline to amend, as stated in the Court's scheduling order, has passed. Defendant must thus satisfy the "good cause" standard of Federal Rule of Civil Procedure 16(b). *See Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Rule 16(b) requires that a party show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply. Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*.

If Defendant satisfies this standard, the Court must then consider whether to grant leave to amend under the more liberal standard of Federal Rule of Civil Procedure 15(a). Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the Court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). In exercising its discretion, the court considers such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## Analysis

Here, the Court concludes, in its discretion, that leave to file Defendant's Second Amended Answer should be granted. First, Defendant has shown good cause. Plaintiff argues that Defendant has known that Plaintiff was seeking full roof replacement since receiving Plaintiff's October 2017 demand. Docket no. 27 at 2. Further, Plaintiff argues that Defendant seeks to assert four new defenses, which Plaintiff contends would require that the Court re-open discovery. *Id.* at 2-3.

Defendant, however, notes that it does not seek four additional defenses. Rather, Defendant seeks to clarify its existing defense that the provisions of the policy preclude or limit Plaintiff's recovery. Docket no. 30 at 3. In its original answer, Defendant specified several policy provisions but specifically stated that the defense was not limited to those provisions specified. *Id.* Defendant's current answer notes subparts (1)-(6) of exclusion 3(f); here, Defendant seeks to expand that list to include subparts (1)-(10). *Id.* Defendant explains that it did not previously note these policy exclusions in its answer because "[t]he issue of replacing the entire roof to avoid mismatched tiles is a new claim not previously raised by Plaintiff, nor does Plaintiff assert in Plaintiff's Response that he had previously disclosed this theory." *Id.* at 2.

The Court finds that Defendant has shown good cause under Rule 16 for the amendment, as Defendant amply explains its failure to timely move for leave to amend. Further, Defendant does not seek to add additional defenses that would prejudice Plaintiff, as Plaintiff claims. The current answer notes that all policy provisions—not just those specified—are part of Defendant's defense that the policy limits or precludes recovery here.

The proposed amendment simply clarifies this defense and notes with greater specificity the provisions relevant to Plaintiff's claims. In Defendant's view, Plaintiff's expert illuminated previously unknown aspects of Plaintiff's claims, which now leads Defendant to clarify its answer accordingly. This does not prejudice Plaintiff, who was already on notice of the policy generally. And to the extent this does prejudice Plaintiff, that prejudice can be cured by continuance.

With Rule 16 satisfied, the Court also finds amendment proper under the more liberal Rule 15 standard. Of the relevant factors, several—undue delay, bad faith or dilatory motive, and repeated failure to cure deficiencies by amendments previously allowed—are not relevant under the record before the Court. Further, as discussed above, the Court finds little or no undue prejudice to Plaintiff. Finally, amendment is not futile, as the policy exclusions Defendant seeks to add concern the mismatch of color and material between undamaged material and new material; this topic relates directly to the testimony of Plaintiff's expert. Thus, the Court finds that amendment is proper.

Accordingly, Defendant's Motion for Leave to File Second Amended Answer (docket no. 25) is GRANTED.

It is so ORDERED.

SIGNED this 19th day of February, 2019.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE